LEWIS v. RAILROAD COMPANY.

1. Plaintiff made a contract with a railroad company for special through rates on a shipment of five mares. On their arrival at their destination on another line of railroad, plaintiff tendered the amount fixed by the contract and demanded delivery, which was refused unless a larger sum called for by the way bill was paid. Plaintiff then brought action against this railroad company for the recovery of the mares. *Held*, that plaintiff having introduced no testimony to show that the initial road was authorized to make such special contract for the defendant, a non-suit was properly granted.

2. The tender not having covered the usual charges for carriage, questions as to a carrier's lien for extra charges for feed, &c., are not involved in the case.

Before PRESSLEY, J., Oconee, March, 1885.

This was an action by J. Earle Lewis against the Richmond & Danville Railroad Company to recover the possession of five brood mares, held by defendant at Seneca, a station on the Atlanta & Charlotte Air Line Railroad, then under lease to the defendant company and operated by it. The opinion states the case.

*Mr. H. E. Ravenel*, for appellant.

*Messrs. Wells & Orr*, contra.

July 14, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This appeal involves the question, mainly, whether the Circuit Judge erred in granting a non-suit below. As we have held in several cases, a non-suit is proper and demandable only where there is an absence of all testimony to one or more of the issues material to the case ; and inasmuch as the issues are found in the pleadings, the question involved demands a consideration of the pleadings and the testimony introduced. We will, therefore, direct our attention first to the complaint.

The plaintiff alleges in his complaint, that in 1883 he shipped five valuable mares from Lexington, Kentucky, to be carried to Seneca City, in this State; that this was done under a written contract made with the Cincinnati, New Orleans, and Texas Pacific Railway Company, and through it, as agent of both plaintiff and defendant, with the lines connecting with said railroad to Seneca City, whereof defendant is one; that said mares should be carried to Seneca City from Lexington at the rate of sixty-one cents per hundred pounds for freight charges, on payment whereof said animals were to be delivered in good condition at Seneca City; that on the arrival of said stock at Seneca City, he tendered to said Richmond & Danville Railroad Company the full amount of freight due under said contract, and demanded possession, but that defendant refused to deliver, to his damage $5,000. The defendant, with other defences, denied that it was a party or privy to the alleged contract, or that it was in any way bound thereby, and that it had no arrangement with the initial road for

freight on live stock shipped to stations on its road, and that the cause of the non-delivery was, that plaintiff would not pay its freight charges, for which the company had lien on the stock, and also a charge for feed of said stock, to wit, $120 for freight, and $20 for feed.

It will be seen at once, from an inspection of the pleadings above, that one of the material issues in the case, and perhaps the most material issue, was that the alleged contract was made with the defendant, either through its agent, the Cincinnati, New Orleans, and Texas Pacific Railroad Company, or otherwise. It seems to be understood that the rates contracted for by the plaintiff were special rates, and could only be obtained or allowed by special contract; hence, the starting point in plaintiff's case was the contract, and proof that defendant was a party thereto. Without this, whatever else the plaintiff might prove, his action as brought of necessity would fail. It was not only necessary to prove this contract as alleged, in order to recover in the event that the case went to the jury, but to reach the jury it was necessary to introduce some evidence pertinent to that issue.

Now, did plaintiff introduce such testimony? We have looked carefully through the testimony reported, and we must say that we have not been able to find a particle of evidence directed to the vital point, that the Cincinnati, New Orleans, and Texas Pacific Railroad Company was the agent of the defendant in this transaction, or that it had power, either expressly or impliedly, to bind the defendant in the contract made; and in addition to this, we find a slip appended to reported evidence, or to the "Case," in which it is admitted by both sides, that no notice whatever of this alleged agreement was given by the agent of said Cincinnati, New Orleans, and Texas Pacific Company to the connecting lines, but that one of said agreements was retained by said agent and the other by the plaintiff. It is not distinctly stated that this admission was before the Circuit Judge in the progress of plaintiff's testimony, but we suppose it was, as the non-suit was granted, of course, before the defendant was called upon to reply. Be this as it may, however, without this admission there is a total absence of all testimony on the pivotal point mentioned, to wit, that the

defendant made the contract sued on, either directly or indirectly. Such being the fact, there was no error in granting the non-suit.

The appellant raised other questions in his exceptions, to wit, whether the defendant had a lien for amounts paid by the defendant to other companies for back freight, &c.; whether defendant had lien for feed of horses paid, &c.; and whether defendant could claim freight paid on the Cincinnati, New Orleans, and Texas Pacific Company, higher than the rates mentioned in the contract. These questions were not involved in the case as made below. The plaintiff came into court on an alleged special contract, in which it was agreed that certain freight rates were to be charged from Lexington to Seneca City, and his tender was based upon those rates, which were less than the usual rates, and failing to offer any testimony in support of the contract, his case fell at that point, which precluded any inquiry as to these other matters. Had his action been founded simply upon a refusal to deliver the stock, after tender of all proper charges, then the question of the right of defendant to hold on for other charges not covered by the tender, would have been before the court.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.